UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| SHIRL KEAHEY, | Case No. 3:21-cv-00396-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MOHAMAD RUISE, | |
| Defendant. | |

    *Pro se* Plaintiff Shirl Keahey brings this action against Defendant Mohamad Ruise. Before the Court is the Report and Recommendation (ECF No. 3 ("R&R")) of United States Magistrate Judge William G. Cobb, recommending that the Court grant Keahey's application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")) and dismiss the Complaint (ECF No. 1-1) with prejudice. Keahey had until January 18, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant Keahey's IFP Application and dismiss the case with prejudice.

    The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Cobb did not clearly err. Judge Cobb correctly found that the IFP Application shows Keahey is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Judge Cobb also recommends the Court dismiss the action with prejudice for failure to state a claim upon which relief may be granted. (ECF No. 3 at 4.) A review of the Complaint confirms that Keahey failed to provide sufficient factual allegations to state a colorable claim for relief. (ECF No. 1-1.) *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Keahey also did not include the basis for the Court's jurisdiction in the Complaint. (*Id.*) *See* Fed. R. Civ. P. 8. Finally, dismissal with prejudice is appropriate since amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). The Court therefore agrees with Judge Cobb and adopts the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Keahey's application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to file the Complaint. (ECF No. 1-1.)

It is further ordered that this case is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 28th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE